Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 7405 | DATE | 3/30/2001 |
| CASE TITLE | LEO THOMPSON, et al vs. G.E.S. EXPOSITION SERVICE | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Rule 59(e) motion to alter or amend the judgment is denied. Ruling date of 4/4/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | APR 0 2 2001 |
| ✓ | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| TBK | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 171

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LEO THOMPSON, et al )
)
        **Plaintiffs,** )
)
v. )    No. 97 C 7405
)    Paul E. Plunkett, Senior Judge
G.E.S., EXPOSITION SERVICE )
)
        **Defendant.** )

## MEMORANDUM OPINION AND ORDER

On January 10, 2001, the Court entered judgment in favor of defendant on its motion for summary judgment and its motion to reconsider. On January 22, 2001, plaintiffs filed a timely Federal Rule of Civil Procedure (Rule) 59(e) motion to alter or amend that judgment. For the reasons set forth below, plaintiffs' motion is denied.

## Discussion

This Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1985). Thus, motions to reconsider are rarely appropriate. They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting Above The Belt, Inc. v. Mel Bohannon Roofing,



Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such motions do not allow "a party to undo its own procedural failures [or] to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted).

Plaintiffs contend that we should reconsider our Order because "a manifest error of law is present regarding the following law relating to motions for summary judgment: All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party." (Pls.' Mot. Amend J. at 2.) In addition, plaintiffs submit that "a manifest error of fact is present in the Court's order because there still remains substantial factual evidence from each of the Plaintiffs' depositions and affidavits regarding their observations which illustrate race discrimination; along with the documentary evidence showing the huge disparity in earnings comparing the Plaintiffs with the thirty white carpenters who earned the most from Defendant." (Id.)

Plaintiffs have offered no justifiable basis for our altering or amending our Order granting defendant's motions. Plaintiffs have not suggested that there has been a substantial change in the facts or applicable law since our ruling. They do not suggest that we "patently misunderstood" them, or that we "made a decision outside the adversarial issues presented" to us. Instead, plaintiffs' motion merely challenges the Court's reasoning. The proper place for plaintiffs to seek relief from our alleged fault in reasoning is the Seventh Circuit Court of Appeals, not a Rule 59(e) motion.

First, with regard to striking portions of plaintiffs' affidavits, "Plaintiffs believe that this Court failed to recognize the whole picture presented by these affidavits, the "totality of the circumstances" regarding what these individuals were experiencing, what they saw, witnessed and lived through, day after day for years." (Pls'. Mem. at 2.) Furthermore, plaintiffs suggest that "[t]he paragraphs identified in Plaintiffs' affidavits must be considered together and not as isolated bits of

evidence." (Id. at 3.) Plaintiffs are correct that when we originally considered the admissibility of plaintiffs' affidavits, we did not use a "totality of the circumstances" approach, nor did we have the "big picture" in mind. The test for admissibility of a particular piece of evidence is not "totality of the circumstances" as plaintiffs suggest. It is whether that particular piece of evidence standing alone has a basis for admissibility. Rule 56(e) requires that affidavits "set forth such facts as would be admissible in evidence." Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997). Inadmissible evidence cannot be considered in a summary judgment motion. Id. It is after evidence is found admissible, not before as plaintiffs seem to suggest, that evidence can be grouped together to determine whether a particular burden has been met.

Plaintiffs also suggest that we did not take into account plaintiffs' supplemental affidavits because those affidavits were not discussed in the Order. (Pls.' Mem. at 3.) Plaintiffs are correct that we did not specifically discuss each and every statement made in plaintiffs' affidavits. We only made specific mention of the paragraphs that were objected to. Specifically addressing or citing every paragraph would have been impossible considering plaintiffs' affidavits were twenty-eight pages in length. Footnote one of the Order states: "Some statements in Plaintiffs' affidavits are not the object of GES' objections, but these statements do not contain assertions that have relevant evidentiary value." (Order at 3.) Taking into account the portions of plaintiffs' affidavits that were stricken, the remaining paragraphs did not have sufficient evidentiary value to aid plaintiffs in meeting their burdens of establishing a prima facie case of race discrimination and establishing that defendant's explanation of why plaintiffs were not hired was pretextual.

Next, plaintiffs suggest that they have met their initial burden regarding race discrimination. They consider "[a] critical piece of evidence illustrating race discrimination was documentation that they earned substantially less than the top thirty white carpenters who worked for Defendant during

the 1994 through 1999 period." (Pls.' Mem. at 9.) Plaintiffs take issue with our reasoning with regard to this evidence. Considering plaintiffs admit that they showed up for work about 75% of the time, we held that the discrepancy in pay could be reconciled by the fact that the top wage earners showed up 100% of the time, or that there were substantially fewer African-American carpenters than white carpenters. (Order at 11.) Basically, plaintiffs now argue that if they showed up 75% of the time and the white carpenters showed up 100% of the time, then plaintiffs should have been making 75% of what the white carpenters were making. (Pls.' Mem. at 10.) Once again, we find plaintiffs' reasoning faulty. In order to state a prima facie case for race discrimination, plaintiffs must come forth with evidence demonstrating that after their rejection white carpenters of plaintiffs' qualifications were hired. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 902 (1973). First, plaintiffs did not present sufficient evidence that they were similarly qualified as the white carpenters who made more money. Second, on its face, an employee who shows up 75% of the time is not similarly situated to an employee who shows up 100% of the time. An employer's practice in hiring may tend to favor those carpenters whose work is of a known quality and who are always available. Such criterion would be race neutral not discriminatory. Finally, as we stated in footnote nine of the opinion, five of the plaintiffs did not know how many shows GES acted as general contractor in any given year. (Order at 11.) If that is true, then how did plaintiffs know that they made themselves available for 75% of the GES shows? As we stated in the Order, it is not the Court's role to develop and present admissible evidence as to whether GES discriminated against plaintiffs, it's the plaintiffs' burden. (Id.) Plaintiffs have not met their initial burden.

Next, assuming plaintiffs met their initial burden, they argue that we erred in finding that plaintiffs had not sufficiently rebutted defendant's legitimate, non-discriminatory reason for plaintiffs' rejection, i.e., that defendant's explanation of its hiring practices was pretextual. Initially,

as we noted in the Order, plaintiffs thirty page response to defendant's motion for summary judgment failed to even address the issue of whether defendants had provided a legitimate, non-discriminatory reason for plaintiffs' rejection, much less that defendant's explanation was pretextual. According to Moro, it is not proper to use a Rule 59(e) motion to advance arguments that could and should have been presented to the district court prior to the judgment." Moro, 91 F.3d at 876. If this issue were critical to plaintiffs (and it was), they should have addressed these arguments in its response brief. See Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173, n.1 (7th Cir. 1996) (holding that arguments that are not developed in any "meaningful manner" are waived); International Ins. Co. v. Guaranty Nat'l Ins. Co., 780 F. Supp. 546, 553, n.3 (N.D. Ill. 1991), vacated on other grounds, 994 F.2d 1280 (7th Cir. 1993) (same). Despite plaintiffs' failure to address these issues, we did assess plaintiffs' evidence on our own and found that they had failed to carry their burden of showing that GES' explanation of its hiring practices was pretextual. Therefore, upon reviewing plaintiffs' Rule 59(e) motion, we fail to find a manifest error of fact or law warranting amending or altering the judgment.

## Conclusion

For the reasons stated above, defendant's Rule 59(e) motion to alter or amend the judgment is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 3-30-01